# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | | |
|---|---|---|
| **TRISTON T. LYONS**<br>       D.O.C. # 488174 | : | **DOCKET NO. 15-cv-2310** |
| **VERSUS** | : | **JUDGE WALTER** |
| **KEITH COOLEY** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a pro se application for a writ of habeas corpus pursuant to 28 U.S.C § 2254, filed by Triston D. Lyons ("petitioner") [doc. 1]. The petitioner is a prisoner in the custody of the Louisiana Department of Public Safety and Corrections. He is currently incarcerated at Allen Correctional Center ("ACC") in Kinder, Louisiana. Keith Cooley, warden at ACC, opposes the application. Doc. 9.

This matter is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMEDED** that the application be **DENIED** and that the petition be **DISMISSED WITH PREJUDICE**.

## I.
### BACKGROUND

*A. Conviction*

The petitioner was charged on November 9, 2005, by bill of information in the Sixteenth Judicial District, Iberia Parish, Louisiana, with one count of attempted second degree murder. Doc. 19, p. 55. The charge related to the attempted killing of K'Wasi Lewis ("victim") on or about July

28, 2005, in Jeanerette, Louisiana.[1] *Id.*; *see State v. Lyons*, 2012 WL 2015800, *1 (La. Ct. App. 3d Cir. Jun. 6, 2012) (unpublished). A jury trial began on April 17, 2006, but a mistrial was declared at the defense's motion three days later and the matter was reset at the motion of the state for July 17, 2006. Doc. 19, pp. 16–20. Following further continuances, a second jury trial commenced on April 23, 2007. *Id.* at 36. On April 25, 2007, the petitioner was convicted of the charged offense by a verdict of 10-2. *Id.* at 43.

On December 8, 2010, following delays relating to motions for a new trial and habitual offender proceedings, the petitioner was sentenced to a term of thirty-five years' imprisonment on the attempted murder conviction. *Id.* at 54.

## B. Direct Appeal

The petitioner appealed his conviction to the Louisiana Third Circuit Court of Appeal, asserting the following assignments of error:

1. The trial court erred in not granting a mistrial when the state made references to the petitioner's right to remain silent.
2. The trial court erred in not granting a mistrial based on the state's failure to timely disclose exculpatory evidence.
3. There was insufficient evidence to support a conviction of second degree murder.

---

[1] The Third Circuit provided the following description of that night's events:
> On July 27, 2005, the victim, K'Wasi Lewis, drove his brother's car into a parking lot at a convenience store in Jeanerette, Louisiana. His brother, Aaron Washington, and another man were in the car with him. The defendant, Triston Lyons, and another man were standing and talking in the last available parking space. The victim waited a few minutes for them to move. They did not move, so he honked his horn.
>
> The defendant's associate moved and the defendant followed him. The victim parked and got out of the car; he and the defendant argued. A fistfight ensued and the victim won. However, the defendant ran to the road and called to two other men, who began running toward the scene. The victim and his brother got back in the car and left, this time with his brother driving. The defendant broke the car's windshield with a piece of wood. The defendant and his companion followed the victim and his companions to their neighborhood but turned around and left.
>
> Later, in the early morning hours of July 28, the victim was watching television when someone knocked on the front door. The victim asked who it was, and the person outside gave the nickname of one of the victim's cousins. Lewis got up to look through a small window beside the door. He saw the defendant right outside that window. Surprised, the victim retreated. The defendant fired his gun through the door and shot the victim.

*Lyons*, 2012 WL 2015800 at *1.

*Lyons*, 2012 WL 2015800 at *1–*11. The Third Circuit found no merit to the claims and affirmed the conviction on June 6, 2012. *Id.* The petitioner did not seek further review of this ruling. Doc. 1, p. 2.

### C. *State Collateral Review*

The petitioner then filed a *pro se* application for post-conviction relief in the trial court on June 7, 2013. Doc. 19, att. 16, pp. 6–23. There he alleged that:

1. The prosecutor made impermissible remarks about the petitioner's right to remain silent.
2. Petitioner's trial counsel rendered ineffective assistance by failing to object to the impermissible remarks.
3. Petitioner's trial counsel rendered ineffective assistance by informing the court that the petitioner had rejected the state's plea offer, when the plea offer was never related to the petitioner by counsel.

*Id.* The trial court denied his first two claims and ordered an evidentiary hearing as to the third. Doc. 19, att. 18, pp. 48, 50. That hearing was conducted on January 27, 2014, with the petitioner represented by court-appointed counsel. Doc. 19, atts. 22, 23, 24. After hearing testimony from the petitioner, his former trial counsel, and the prosecutor involved in the case, the court denied relief with respect to the third claim, with oral reasons assigned. Doc. 19, att. 24, pp. 2–3.

The petitioner then sought review in the Third Circuit, attempting to raise there a supplemental ineffective assistance claim relating to post-conviction counsel's alleged failure to obtain a log book from the jail and present it as evidence at the hearing. Doc. 19, att. 19, p. 1. The Third Circuit denied the writ, finding no error to the trial court's rulings on the original three claims and noting that the supplemental claim was not properly before that court pursuant to Rule 1-3 of the Uniform Rules—Courts of Appeal, because it had not been first submitted to the trial court. *Id.* He then sought review in the Louisiana Supreme Court, which denied same without comment on July 31, 2015. *State ex rel. Lyons v. State*, 174 So.3d 1144 (La. 2015).

### D. Federal Habeas Petition

The instant petition was filed on August 26, 2015. Doc. 1, p. 14. Here the petitioner renews the original three claims from his state application for post-conviction relief. Doc. 1, att. 1, p. 7.

## II.
### LEGAL STANDARDS ON HABEAS REVIEW

### A. Timeliness

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. 28 U.S.C. § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

### B. *Procedural Default and Exhaustion of State Court Remedies*

Before proceeding to the merits of the issues raised in the petition, this court considers the doctrines of procedural default and exhaustion of state court remedies. Exhaustion and procedural default are both affirmative defenses that may be waived by the state if not raised in its responsive pleadings. *See, e.g.*, *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994). However, the federal district court may also consider both doctrines on its own motion. *Magouirk v. Phillips*, 144 F.3d 348, 357–59 (5th Cir. 1998). Therefore we consider any claims by respondent under these doctrines, in addition to conducting our own review.

#### 1. *Exhaustion of State Court Remedies*

The federal habeas corpus statute and decades of federal jurisprudence require a petitioner seeking federal habeas corpus relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell,* 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *E.g.*, *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). Exhaustion is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must

have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, supported by the legal theories and factual allegations that he raises now. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

### 2. *Procedural Default*

When a petitioner has defaulted a claim by violating a state procedural rule which constitutes adequate and independent grounds to bar direct review in the United States Supreme Court, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or actual innocence. *Coleman v. Thompson*, 111 S.Ct. 2546, 2554 (1991). Failure to satisfy state procedural requirements results in forfeiture of a petitioner's right to present a claim in a federal habeas proceeding. *Murray v. Carrier*, 106 S.Ct. 2639 (1986). This is not a jurisdictional matter; rather, it is grounded in concerns of comity and federalism. *Trest v. Cain*, 118 S.Ct. 478, 480 (1997).

Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default)[2] or (2) the petitioner fails to properly exhaust all available state court remedies and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999). The grounds for traditional procedural default must be based on the actions of the last state court rendering a judgment. *Harris v. Reed*, 109 S.Ct. 1038, 1043 (1989).

---

[2] To serve as adequate grounds for a federally cognizable default the state rule "must have been firmly established and regularly followed by the time as of which it is to be applied." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (internal quotations omitted).

### *C. General Principles*

When a state court adjudicates a petitioner's claim on the merits, this court reviews the ruling under the deferential standard of 28 U.S.C. § 2254(d). *Corwin v. Johnson*, 150 F.3d 456, 471 (5th Cir. 1998). Section 2254(d) provides that a writ of habeas corpus shall not be granted unless the state court's adjudication on the merits resulted in a decision that was either (1) contrary to clearly established federal law or involved an unreasonable application of that law, or (2) based on an unreasonable determination of the facts in light of the evidence before the state court. 28 U.S.C. § 2254(d).

The first standard, whether the state court's adjudication was contrary to or involved an unreasonable application of clearly established federal law, applies to questions of law as well as mixed questions of law and fact. A petitioner must demonstrate that the "fair import" of the state court decision shows that the court failed to apply the controlling federal standard. *Early v. Packer*, 123 S.Ct. 362, 365 (2002) (per curiam). Furthermore, the decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011). A decision is contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth [by the Supreme Court], or if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedents and arrives at a [contrary] result . . . ." *Bell v. Cone*, 125 S.Ct. 847, 851 (2005) (quotations and citations omitted).

The second standard – whether the state court's adjudication was based on an unreasonable determination of the facts in light of the evidence – applies to questions of fact. It is insufficient for a petitioner to show that the state court erred in its factual determination but rather he must demonstrate that the factual determination was objectively unreasonable, a "substantially higher

threshold." *Schriro v. Landrigan*, 127 S.Ct. 1933, 1939 (2007). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S.Ct. 841, 849 (2010). Rather, the petitioner has to show that "a reasonable factfinder must conclude" that the determination of facts by the state court was unreasonable. *Rice v. Collins*, 126 S.Ct. 969, 975 (2006).

## III.
### LEGAL ANALYSIS

As a preliminary matter this court reviews the petitioner's application for timeliness, failure to exhaust state court remedies, and procedural default. If the claim is procedurally viable, its merits are considered under the general standards set forth in Section II.C.

*A. Timeliness*

Here the petitioner's time for seeking further review of his conviction expired when he did not challenge the Third Circuit's ruling on his direct appeal within thirty days. LA. SUP. CT. Rule X, § 5(a); *see, e.g.*, *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008). Therefore his one year limit for filing this petition began to run on July 7, 2012. It was suspended by the filing of his application for post-conviction relief on June 7, 2013, by which time **335 days** had accrued. No further time was counted until the Louisiana Supreme Court denied review on July 31, 2015, meaning that an additional **26 days** accrued before the instant petition was filed on August 26, 2015. Thus 361 days have accrued against the one year limit and this matter is timely.[3]

---

[3] The respondent appears to be under the impression that timeliness is judged on a claim by claim basis, and that the first claim is time-barred because the trial court ruled on it over a month before the evidentiary hearing and ruling on the remaining claim. Doc. 9, att. 1, pp. 6–7. He also alleges that the time for exhausting the first claim had expired because the petitioner raised it in his direct appeal and did not seek review of that court's ruling in the Louisiana Supreme Court. The respondent does not show any merit to this argument, as the trial court denied the claim on the merits rather than procedural grounds. The respondent also does not explain why he is only applying this timeliness argument to one of the two claims dismissed in the December 2013 post-conviction ruling, either.
    At any rate, the respondent's timeliness argument is without merit. Section 2244 and the relevant jurisprudence clearly speak of tolling during the time an **application** for post-conviction relief, rather than claim, is

-8-

## B. Exhaustion of State Court Remedies and Procedural Default

The respondent alleges that the petitioner did not properly exhaust Claim 3 of his application for post-conviction relief, which is identical to Claim 3 in the instant petition. He (respondent) contends that, rather than presenting Claim 3 to the Third Circuit in his application for a writ of review, the petitioner instead raised a new claim alleging ineffective assistance by the counsel appointed to represent him on post-conviction relief.

The petitioner's original application for supervisory writ of review, filed in the Third Circuit on February 19, 2014, did address just the first two claims in his application for post-conviction relief. Doc. 19, att. 18, pp. 1–38. Furthermore, the petitioner complained of post-conviction counsel's performance in a supplemental application to the Third Circuit, as referenced above.[4] *See* doc. 19, att. 15, pp. 4–82. However, the Third Circuit's ruling addressed the trial court's judgments of both December 2013 and January 27, 2014, and so clearly related to all three of petitioner's claims in his original application for post-conviction relief. Doc. 19, att. 19, p. 1. Yet when the petitioner made his writ application to the Louisiana Supreme Court, he again omitted Claim 3 and instead complained of ineffective assistance by post-conviction counsel. *See* doc. 19, att. 25, pp. 15–18. Therefore the claim was not presented to that court and there is no indication in its one-word ruling that the exhaustion requirement was fulfilled there. *Lyons*, 174 So.3d at 1144.

The petitioner's time for seeking review of the Third Circuit's decision or filing another application for post-conviction relief has passed. *See* LA. SUP. CT. Rule X, § 5(a); LA. C. CR. P.

---

pending. 28 U.S.C. § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). As the trial court's dismissal of the first two claims did not dismiss the entire application, it did not interrupt statutory tolling.

[4] The petitioner contends that he also sought review of the trial court's denial of Claim 3 through this supplemental application. However, the claim raised there was only ineffective assistance based on post-conviction counsel's performance and not the merits of Claim 3 itself. *See* doc. 19, att. 15, pp. 4–12. Therefore it cannot be used as a basis for exhaustion of Claim 3.

art. 930.8. Accordingly, Claim 3 is technically exhausted and subject to technical procedural default.[5]

A procedural default may still be avoided, however, if the petitioner can show cause and resulting prejudice for his default or demonstrate that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997). To establish cause, the petitioner must show that some external, objective factor impeded his efforts to raise the claim in a procedurally proper manner. A finding of fundamental miscarriage of justice, on the other hand, depends on a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 106 S.Ct. 2616, 2627 (1986). The factual innocence standard means that the petitioner must show a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt. *Campos v. Johnson*, 958 F.Supp. 1180, 1195 (W.D. Tex. 1997).

In an attempt to show cause and prejudice, the petitioner only argues that he was denied effective assistance of counsel during his state collateral review proceedings. To this end he relies on *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), where the Supreme Court stated that a procedural default on an ineffective assistance of counsel claim could be excused by showing that counsel on

---

[5] Ordinarily, a district court may not consider a federal habeas petition containing a mixture of exhausted and unexhausted claims. *Rose v. Lundy*, 102 S.Ct. 1198, 1203–04 (1982). When presented with such a petition, the court should either dismiss it without prejudice or, in certain circumstances, issue a stay while the petitioner attempts to exhaust the unexhausted claims in state court. *Rhines v. Weber*, 125 S.Ct. 1528, 1533–35 (2005). However, that rule does not apply when state procedural rules would prevent the petitioner from raising his unexhausted claims in state court – those claims are instead considered technically exhausted and instead reviewed under the doctrine of procedural default. *Singleton v. Cooper*, 2012 WL 1596945, *7–*8 (E.D. La. Mar. 16, 2012) (citing *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998)). Here, as explained *supra*, the petitioner has failed to exhaust the third claim and would be time-barred from doing so. Accordingly, that claim is technically exhausted and the petition is not a mixed petition.

collateral review had been ineffective, because collateral review represented the petitioner's only opportunity to bring an ineffective assistance claim.[6]

Here the record does not establish at what point counsel appointed to represent Lyons at the evidentiary hearing withdrew from representation nor what the scope of his representation was to be. However, Lyons' writ applications to the Third Circuit and the Louisiana Supreme Court were both prepared by Lyons in a *pro se* capacity. Doc. 19, att. 18, pp. 1–38; doc. 19, att. 25, pp. 1–19. Furthermore, the ineffective assistance claim raised by petitioner against post-conviction counsel relates only to that counsel's failure to introduce a piece of evidence at the hearing. *See* doc. 19, att. 25, pp. 15–18. The petitioner never alleges that post-conviction counsel erred in failing to properly prepare any writ applications or inform him of requirements of same, nor that it was within the scope of his representation to do so. It is clear that there is no substantive claim relating to post-conviction counsel's performance that could excuse the petitioner's failure to include the third claim in his *pro se* writ applications on post-conviction relief. Moreover, habeas courts do not accept a petitioner's pro se status or ignorance as a basis for cause.[7] As the petitioner raises no argument under fundamental miscarriage of justice and has failed to establish a basis for cause and prejudice, his third claim will not be reviewed by this court due to technical procedural default.

---

[6] *See also Trevino v. Thaler*, 133 S.Ct. 1911 (2013) (extending this right to habeas petitioners in Texas, who were not barred from raising ineffective assistance claims on direct appeal but where meaningful review of such claims was, in practice, confined to collateral review).

[7] *See, e.g.*, *Saahir v. Collins*, 956 F.2d 115, 118–19 (5th Cir. 1992) (denying pro se status as a basis for cause); *Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir. 1992) (below average intelligence); *McCoy v. Newsome*, 953 F.2d 1252, 1257–58 (11th Cir. 1992) (lack of legal education).

## C. Substantive Analysis

### 1. Improper remark

The petitioner's remaining claims both relate to an allegedly improper remark made by the prosecutor and relating to his post-arrest silence.[8] During the state's rebuttal portion of closing arguments, the prosecutor stated:

> Big deal made by defense counsel about, "Well, Triston turned himself in. He cooperated." Yes, 20 hours later. And he lawyered up, wouldn't talk about the shooting.

Doc. 19, att. 2, p. 234. The defense made no objection. *See id.* As the Third Circuit noted, this was a direct response to defense counsel's mention of the fact that the petitioner had voluntarily turned himself in.[9] *Lyons*, 2012 WL 2015800 at *4.

In the first claim he complains of the fact that the prosecutor made the remark. It is well settled that the Fifth Amendment generally prohibits use of a defendant's post-arrest silence as direct or substantive evidence of guilt. *Doyle v. Ohio*, 96 S.Ct. 2240, 2244–46 (1976); *Pitts v. Anderson*, 122 F.3d 275, 279–80 (5th Cir. 1997). A *Doyle* error, however, must be assessed in terms of its impact on the jury. A petitioner is only entitled to habeas relief on a *Doyle* error if he can show that the reference to his silence had a substantial and injurious effect on the verdict.[10] *Brecht v. Abrahamson*, 113 S.Ct. 1710, 1716 (1993).

---

[8] When the Third Circuit reviewed this claim on direct appeal, they also considered other remarks. *Lyons*, 2012 WL 2015800 at *3–*7. However, as the petitioner makes clear, the only remark complained of in the exhausted version of this claim presented on collateral review and in this petition is the one from the state's rebuttal in closing, *supra*. Doc. 19, att. 16, pp. 15–18; doc. 1, att. 1, pp. 10–15.

[9] In her closing argument, defense counsel stated: "I've discussed with you what Officer Moore said and the fact that Triston turned himself in, voluntarily turned himself in." Doc. 19, att. 2, p. 231.

[10] It is possible that the petitioner, who challenged the remark cited above on numerous grounds, merely meant to raise a claim of improper remarks. Improper remarks by a prosecutor are a sufficient basis for habeas relief "only if they are so prejudicial that they render the trial fundamentally unfair." *Harris v. Cockrell*, 313 F.3d 238, 245 (5th Cir. 2002). "Such unfairness exists only if . . . the remarks evince either persistent and pronounced misconduct or . . . the evidence was so insubstantial that (in probability) but for the remarks no conviction would have occurred." *Id.* (internal quotations and citation omitted). The relevant question is whether the remark so infected the trial with unfairness as to deprive the defendant of due process, and courts acknowledge that a curative instruction may reduce that risk. *Hughes v. Quarterman*, 530 F.3d 336, 347 (5th Cir. 2008) (citations omitted). The single remark can hardly be held

Neither party has briefed the strength of the evidence under this claim or elsewhere in this petition but our review shows, as the Third Circuit noted, that the case rested on the victim's eyewitness identification of the petitioner.[11] *Lyons*, 2012 WL 2015800 at *2–*3. The petitioner presents nothing to contradict the victim's testimony. Furthermore, the prosecutor's remark came at the end of closing arguments and was followed quickly by the trial court's instructions to the jury, which included reminders of the state's burden and the fact that a defendant could not be compelled to testify. Doc. 19, att. 2, pp. 239–41. In the face of the evidence against him and the curative effect of the jury instruction, the petitioner cannot show a substantial and injurious effect on the verdict flowing from the brief reference. Accordingly, he demonstrates no error to the state court's ruling and no right to federal habeas relief.

### 2. *Ineffective assistance of counsel*

Claims of ineffective assistance of counsel are gauged by the guidelines set forth by the Supreme Court in *Strickland v. Washington*, 104 S.Ct. 2052 (1984). Under *Strickland*, a petitioner must demonstrate: (1) that his counsel's performance was deficient, requiring a showing that the errors were so serious such that he failed to function as "counsel" as guaranteed by the Sixth Amendment, and (2) that the deficiency so prejudiced the defendant that it deprived him of a fair trial or of a dependable verdict. *Id.* at 2064. The first prong does not require perfect assistance by counsel; rather, petitioner must demonstrate that counsel's representation fell beneath an objective standard of reasonableness. *Id.* Judges have been cautioned towards deference in their review of attorney performance under *Strickland* claims in order to "eliminate the potential distorting effect

---

as persistent and pronounced misconduct. Furthermore, even if we found the remark to be improper on a basis other than *Doyle*, it would still fail to satisfy the prejudice standard for the reasons described above. Therefore the petitioner does not show a right to relief however he intends to fashion this claim.

[11] The victim stated that, after hearing someone knocking on the front door during the early hours of July 28, 2007, he peeked through one of the windows to the side of the door and saw the petitioner, "close enough for us to kiss" if not for the glass. Doc. 19, att. 2, pp. 44–45, 48. He also stated that he recognized the petitioner from their encounter earlier that evening. *Id.* at 46–47.

of hindsight." *Rector v. Johnson*, 120 F.3d 551, 563 (5th Cir. 1997) (quoting *Strickland*, 104 S.Ct. at 1065). Accordingly, the court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

The second prong requires the petitioner to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 104 S.Ct. at 2055–56. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 2056. In other words, the petitioner must show prejudice great enough to create a substantial, rather than conceivable, likelihood of a different result. *Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011) (quoting *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011)). "Both of [Strickland's] prongs must be proven, and the failure to prove one of them will defeat the claim, making it unnecessary to examine the other prong." *Williams v. Stephens*, 761 F.3d 561, 566–67 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1735, 191 L. Ed. 2d 706 (2015).

The Louisiana Code of Criminal Procedure provides that, "[u]pon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to" certain enumerated circumstances. LA. C. CR. P. art. 770. At the request of either party, the court may also admonish the jury to disregard a remark made by an attorney, judge, or court official within the hearing of the jury that does not rise to the level of the circumstances enumerated in Article 770 but is still "irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury." *Id.* at art. 771. It may also grant a mistrial "if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial." *Id.*

Under Louisiana law, trial court action based on an improper remark is not automatic and instead requires contemporaneous objection. *E.g.*, *State v. Sartain*, 2 So.3d 1132, 1139 (La. Ct. App. 4th Cir. 2008) (citations omitted); *State v. Bernard*, 358 So.2d 1268, 1270 (La. 1978). The remark at issue here involves a statement made during the prosecutor's rebuttal portion of the closing argument. Doc. 19, att. 2, p. 234. No objection was offered by the defense. *See id.* Here the success of the ineffective assistance claim depends on the merits of the unraised objection and likelihood of relief being granted based on the prosecutor's remark. As the Fifth Circuit notes, "[f]ailure to raise meritless objections is not ineffective lawyering; it is the very opposite." *Clark v. Collins*, 9 F.3d 959, 966 (5th Cir. 1994).

The petitioner contends that the prosecutor's statement was improper because it mentioned his post-arrest silence, and that it exceeded the scope of rebuttal because defense counsel had limited her argument of the petitioner's cooperation with police to the fact that he had turned himself in. We regard the second argument as part of the first and find that, while defense counsel's assertion of cooperation did open the door to the prosecution highlighting ways in which the defendant failed to cooperate, it could not be used as justification for using the petitioner's exercise of his constitutional rights as evidence of his guilt. Under Louisiana case law "[a] brief reference to a defendant's post-arrest silence does not mandate a mistrial or reversal when the trial as a whole was fairly conducted, the proof of guilt is strong, and the prosecution made no use of the silence for impeachment purposes." *State v. Parker*, 141 So.3d 839, 851 (La. Ct. App. 2d Cir. 2014) (citations omitted).

Here the petitioner presents no argument under this claim that the trial as a whole was not fairly conducted, and it is clear that the silence was not used to impeach a witness but rather to refute a point in the defense's closing argument. Additionally, the petitioner fails to undermine the

victim's identification, discussed *supra*. Accordingly, he does not show any likelihood that the trial court would have granted a mistrial had counsel so moved.

Finally, even if the defense had requested and been granted an admonition, the petitioner cannot show a sufficient likelihood that this admonition would have led to a different result. As discussed above, he has not contradicted the eyewitness testimony of the victim. Furthermore, the reference to post-arrest silence was brief and followed quickly by the trial court's instructions to the jury, which included reminders of the state's burden and the fact that a defendant could not be compelled to testify. Doc. 19, att. 2, pp. 240–41. Accordingly, even though counsel may have rendered deficient performance in failing to object to the reference and thereafter request corrective action, the petitioner cannot satisfy *Strickland*'s second prong based on this deficiency. He therefore shows no error to the state court's ruling on this claim and no right to habeas relief.

## IV.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant application be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 30th day of May, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE